### · 11659. MILLER v. BYRD.

JENKINS, P. J. Under the undisputed evidence, as outlined in the statement of facts below, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921. REHEARING DENIED MARCH 3, 1921.

Complaint; from Coffee superior court — Judge Summerall. June 11, 1920.

(Statement of facts by JENKINS, P. J.) This was a suit on a promissory note. The defendant admitted the execution of the note, and relied upon a plea of payment. The undisputed evi-

dence shows the followings facts: Miller executed and deliver-
ed to Evans the note sued on, which in due course was purchased
by Byrd, the plaintiff. After its maturity Byrd left the note for
collection with the Broxton Banking Company, which, as his
agent, had authority, on its payment, to surrender it. While the
bank thus held the note for collection the maker made arrange-
ments with Milhollin to borrow the money necessary to take it
up, and Milhollin, acting solely as his agent, went to the bank
and got the note, with the understanding that it should either
be returned or paid. After the bank had thus entrusted the note
to Milhollin, acting as Miller's agent, Milhollin made and de-
livered a check to Miller in a sum equal to the amount called for
by the note; and Miller, after indorsing the check, returned it
to Milhollin, who thereupon delivered to him the note. After
about two weeks, the check was carried by Milhollin's bookkeeper
to the bank, which credited Miller with it on the books of the
bank. It does not appear that the bank was given any direction
as to how the check should be applied, but it is undisputed that
when the check was thus sent to the bank, the bank " was not
notified that the check was to be credited to Mr. Thomas Byrd,
or that it was in payment of his note. " It was not until after
about a year that Byrd ascertained he had received no credit
for the note, or that Miller became aware that the Milhollin
check had been credited to his, and not Byrd's account, at which
time the proceeds of the check had been withdrawn from the
bank by Miller. The court directed a verdict in favor of the
plaintiff, which the defendant assigned as error, on the theory
that his defense of payment had been sustained.

*R. B. Chastain, L. E. Heath,* for plaintiff in error.

*J. W. Quincey,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J. The gist of the ground of counsel's motion
appears to be that, since this court has held that the bank was
the authorized agent of the plaintiff, Byrd, to collect the note,
and that Milhollin, in procuring the note from the bank, was
acting as the agent of the defendant, Miller, the mere sending
of a check to the bank, which was payable to and indorsed by
Miller, amounted to a payment of the note, although the book-

keeper who carried it gave no such direction, and although the check was, in conformity with the usual course of business, deposited to the credit of Miller, the apparent owner. This contention is based on the theory that a principal is bound by the authorized acts of his agent within the scope of his authority. Civil Code (1910), § 3593.

If Milhollin had actually paid over the check to the bank with direction that it be applied on the note held by the bank for collection, this principle might have application, although even then the defendant could not claim he had been injured, since he himself has received and appropriated to his own use the proceeds of the check. In a case such as that, however, the defense of payment might be good, and the owner of the note might have to look to the bank, and the bank, in turn, to Miller. However, since it is undisputed that the bookkeeper did not turn over the check to the bank for the benefit of Byrd, or with any sort of direction that it go in settlement of the note, and since the bank, in the absence of any such direction, simply applied the check to the account of the person having apparent ownership, these questions do not arise; and it is our opinion that the note has never been paid, either in fact or in law.

*Rehearing denied. Stephens and Hill, JJ, concur.*